UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KIEL STONE, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 3:18-CV-54 RLM-MGG |
| TODD SHEPHERD, *Lieutenant for the Saint Joseph County Sheriff's Department, et al.,* | ) |
| Defendants. | ) |

OPINION AND ORDER

Plaintiff Kiel Stone submits to the court a petition for interlocutory appeal. Mr. Stone, who represents himself, asks the court to allow him to file an interlocutory appeal challenging the denial his motion to appoint counsel. Mr. Stone has also filed a motion to correct the court's order denying his motion to appoint counsel. For the following reasons, the court denies Mr. Stone's requests.

28 U.S.C. § 1291 gives appellate court's jurisdiction over "final decisions of the district courts except where a direct review may be had in the Supreme Court." Coopers & Lybrand v. Livesay, 437 U.S. 463, 476 (1978). A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). The court's order denying Mr. Stone's motion to appoint counsel doesn't satisfy this rule. Randle v. Victor Welding Supply Co., 664 F.2d 1064 (7th Cir. 1981).

("[t]he refusal of the district court to appoint counsel, white it may make the proceeding more difficult, does not end the litigation on the merits. The *pro se* litigant remains free to present his claim to the court on his own."). The proper time for Mr. Stone to appeal the court's order denying his motion to appoint counsel would be once a final judgment is entered. See Darden v. Illinois Bell Tel. Co., 797 F.2d 497, 500 (7th Cir. 1986).

Mr. Stone also asks the court to correct certain errors in the same order that Mr. Stone seeks his interlocutory appeal. The court reads Mr. Stone's motion as one for reconsideration.

Fed. R. Civ. P. 54(b) allows a court to amend an interlocutory order any time before final judgment is entered. Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge."). Reconsideration of a court's order might be appropriate when material facts or controlling law changes, or when "the [c]ourt has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990). Motions to reconsider then, are limited in nature and are only used to "correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996).

Mr. Stone hasn't alleged any error of fact or law nor has he presented any

new evidence that could help the court analyze his reconsideration request. Simple disagreement with the court's decision isn't a valid ground for reconsideration. Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996) ("[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or for arguing matters that could have been heard during the pendency of the previous motion.").

Accordingly, the court DENIES Mr. Stone's request that the court allow him to file an interlocutory appeal [Doc. No. 51] and DENIES Mr. Stone's motion to correct the court's order denying his motion to appoint counsel [Doc. No. 52].

SO ORDERED.

ENTERED:    October 17, 2018

    /s/ Robert L. Miller, Jr.
    Judge, United States District Court